IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

August 16, 2021
ST-2021-CV-00148
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **MADELINE A. BASSIL,**<br><br>               **Plaintiff,**<br><br>   v.<br><br>**JOHN KLEIN,**<br><br>            **Defendant.** | **Case No.: ST-2021-CV-148**<br><br>**ACTION FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, TRESPASS, DECLARATORY JUDGMENT, QUIET TITLE, and DAMAGES FOR SLANDER OF TITLE and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

**2021 VI Super 88**

**MEMORANDUM OPINION AND ORDER**

¶1    **THIS MATTER** is before the Court on the following:

1. Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed April 26, 2021;

2. Defendant's Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed May 7, 2021;

3. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and a Motion to Reconsider Denial of Temporary Restraining Order, filed May 20, 2021;

4. Defendant's Opposition to Plaintiff's Motion to Reconsider Denial of Temporary Restraining Order, filed June 3, 2021;

5. Defendant's Answer and Counterclaim, filed June 4, 2021;'

6. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Reconsider Denial of Temporary Restraining Order, filed June 21, 2021; and

7. Plaintiff's Answer to Counterclaim, filed June 23, 2021.

Upon denying Plaintiff's Motion for a Temporary Restraining Order, the Court determined it would schedule an evidentiary hearing on Plaintiff's application for a preliminary injunction on July 27, 2021, and July 28, 2021. Having heard evidence and argument from both parties, the Court grants Plaintiff's Motion for a Preliminary Injunction.

## I. FACTUAL AND PROCEDRUAL BACKGROUND

¶2      Plaintiff Madeleine A. Bassil ("Bassil") is the owner of Parcel No. 2D-12 Remainder Estate Nazareth, St. Thomas, U.S. Virgin Islands ("Parcel 2D-12"). Bassil and Terry Anderson purchased Parcel 2D-12 in 2002 and owned it jointly until 2006 when the property was deeded Bassil after the couple's divorce.[1] Bassil has been the sole owner of Parcel 2D-12 since 2006.[2] Bassil lives in New York and occasionally visits her St. Thomas property.[3]

¶3      Defendant John Klein ("Klein") is the owner of Parcel No. 2D-11 Estate Nazareth St. Thomas, U.S. Virgin Islands ("Parcel 2D-11") and a full-time resident of the Virgin Islands. Klein's property directly abuts Bassil's property to the south.[4] Klein purchased Parcel 2D-11 in 2004 and alleges that at that time, a single trail or walking path started at his parcel and traversed through Plaintiff's parcel to the beach.[5] In 2005, Klein began construction on his current residence on Parcel 2D-11 and constructed an additional walking path that started at a different part of his parcel and joined with the prior path.[6] Both path traverse through Bassil's property. Klein alleges that throughout the construction of his current residence, he was regularly on site to oversee the construction and to use the paths to access the public beach.[7] He maintains that for the last 16 years, he has consistently maintained, improved, and used the paths to access the public beach.[8]

¶4      Bassil alleges that there was no path at the time Klein began construction of his residence in 2005, and that as of April 2015, she was unable to walk her property because the bush was so dense.[9] Anderson, Bassil's ex-husband, testified that there was no established walking path on the property while he lived there and co-owned it, but one could carefully "pick" their way through the brush to access the beach, which he last did in the spring of 2009.[10] Bassil maintains that she was not aware of any paths on her property until January 21, 2021, when her real estate agent and friend, Lisa Curreri, informed her that bush, vegetation, trails, and steps had been cut through and

---

[1] Pl.'s Compl. 2.
[2] Pl.'s Compl. 2. Trial Ex. 10 (admitted into evidence).
[3] Pl.'s Emergency Mot. for TRO and Prelim. Inj. 1.
[4] Pl.'s Compl. 2.
[5] Def.'s Opp'n to Pl's. Emergency Mot. for TRO and Prelim. Inj. 2.
[6] Def.'s Opp'n to Pl's. Emergency Mot. for TRO and Prelim. Inj. 2.
[7] Def.'s Opp'n to Pl's Emergency Mot. for TRO and Prelim. Inj. 3.
[8] Def.'s Opp'n to Pl's Emergency Mot. for TRO and Prelim. Inj. 3.
[9] Pl.'s Compl. 5.
[10] Anderson Test. July 27, 2021.

across her parcel and over Parcel No. 2D-13 to reach the Secret Harbor Beach.[11] Bassil confirmed the existence of these paths through a survey of her property conducted by Brian Moseley & Associates in January 2021.[12] It was also around this time, Bassil also became aware that Klein had been listing his home to rent on AirBnB and advertising a "private path to a gorgeous white sand beach." [13]

¶5     On or about February 15, 2021, Klein was served with a Cease-and Desist Letter from Bassil's attorney urging Klein to cease and desist all activity on Plaintiff's parcel.[14] Klein's counsel responded that Klein is not required to cease and desist any activity on Plaintiff's parcel because he has acquired the rights to it by adverse possession.[15] This is not the first property dispute between Bassil and Klein, and it is not the first time Klein has claimed adverse possession over Bassil's property. In 2008, when Klein was constructing his current home, his construction activities encroached onto Bassil's property. Bassil testified that Klein extended his driveway and built a wall on her property.[16] Klein testified that dirt he was excavating fell onto Bassil's property.[17] In email correspondence between Bassil and Klein from April 2008 through June 2008, the parties discussed an agreement in which Klein would purchase the disputed sliver of land from Bassil. However, during this exchange, Klein asserted that he owned the disputed property by adverse possession.[18] This claim was not litigated, and Bassil agreed to sell the piece of land to Klein. On February 9, 2015, Klein offered to buy Bassil's Parcel 2D-12, described as "vacant waterfront land approximately .535 acres," and Bassil rejected.[19]

¶6     Bassil filed a complaint regarding the present dispute on April 20, 2020, seeking Action for Temporary Restraining Order, Injunctive Relief, Trespass, Declaratory Judgment, Quiet Title, and Damages for Slander of Title and Intentional Infliction of Emotional Distress. Bassil then filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction on April 26, 2021. Klein filed an Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction on May 7, 2021. The Court denied Plaintiff's Motion for a Temporary Restraining Order on May 14, 2021, and scheduled an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. On May 20, 2021, Bassil filed a reply to Defendant's Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction and a Motion to Reconsider Denial of Temporary Restraining Order. Klein filed an Opposition to Plaintiff's Motion to Reconsider Denial of Temporary Restraining Order on June 3, 2021, and an Answer and Counterclaim on June 4, 2021. Bassil filed a reply to Defendant's Opposition to Plaintiff's Motion to Reconsider Denial of Temporary Restraining

---

[11] Pl.'s Compl. 3.
[12] Pl.'s Compl. 3, Ex. C and Trial Ex. 2-M (admitted into evidence).
[13] Pl.'s Compl. Ex. E.
[14] Pl.'s Compl. Ex. D.
[15] Pl.'s Compl. 4.
[16] Bassil Test. July 27, 2021.
[17] Klein Test. July 27, 2021.
[18] Pl.'s Hr'g Ex. 18. (admitted into evidence July 27, 2021).
[19] Pl.'s Hr'g Ex. 16 and 17 (admitted into evidence July 27, 2021).

Madeline A. Bassil v. John Klein
Case No. ST-2021-CV-00148
Motion for Preliminary Injunction
Memorandum Opinion and Order
Page 4 of 13

Order on June 21, 2021, and an Answer to Counterclaim on June 23, 2021. The parties appeared before the Court via Zoom for an evidentiary hearing on July 27 and 28, 2021. On July 30, 2021, both parties filed supplemental post-hearing briefs regarding the factors for determining injunctive relief.

## II. LEGAL STANDARD

### A. Motion for Preliminary Injunction

¶7    A preliminary injunction is considered an "extraordinary and drastic remedy" that is "never awarded as of right, but only 'upon a clear showing that the plaintiff is entitled to such relief.'"[20] The issuance of a preliminary injunction is governed by Rule 65 of the Virgin Islands Rules of Civil Procedure.[21] Before or after beginning a hearing on a motion for a preliminary injunction, this rule allows for the Court to advance the trial on the merits and consolidate it with the hearing.[22] In considering whether to grant or deny a preliminary injunction, Virgin Islands Courts must consider four factors, known as the *Petrus* factors:

(1) whether the movant has shown a reasonable probability of success on the merits;
(2) whether the movant will be irreparably harmed by the denial of the relief;
(3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
(4) whether granting preliminary relief will be in the public interest.[23]

The Supreme Court of the Virgin Islands has established that the soundest rule for applying this four-factor standard is to use a "sliding scale test" that balances the four factors.[24] Courts are to consider evidence demonstrated by the parties regarding all four factors, but a party moving for a preliminary injunction "must demonstrate primarily that irreparable harm is likely without the injunction."[25] Irreparable injury on its own, however, is not enough to support a claim for equitable relief, and there must also be a plausible claim on the merits.[26]

---

[20] *See Yusuf v. Hamed,* 59 V.I. 841, 847 (V.I. 2013) (quoting *Munaf v. Geren,* 553, U.S. 674, 689-90 (2008)).

[21] *See* V.I. R. CIV. P. 65 (providing in part that "the court may issue a preliminary injunction only on notice to the adverse party").

[22] *See* V.I. R. CIV. P. 65(a)(2) (leaving the decision to consolidate the hearings to the Court's discretion but ensuring that the Court preserve any party's right to a jury trial).

[23] *See Yusuf,* 59 V.I. at 847 (citing *Petrus v. Queen Charlotte Hotel Corp.,* 56 V.I. 548, 554 (V.I. 2012) (quoting *Illes v. de Jongh,* 638 F.3d 169, 172 (3d Cir. 2011), and adopting the Third Circuit preliminary injunction standard).

[24] *See 3RC & Co. v. Boynes Trucking Sys.,* 63 V.I. 544, 553 (V.I. 2015).

[25] *See id.* at 554 (providing that "a party seeking injunctive relief must demonstrate that the injunction is necessary to avoid 'certain and imminent harm for which a monetary award does not adequately compensate'"); *see also Hansen v. Virgin Islands Water and Power Authority,* 55. V.I. 309, 314 (V.I. Super. Ct. 2011) (providing that a showing of irreparable injury "is a necessary prerequisite for a preliminary injunction").

[26] *See 3RC & Co.,* 63 V.I. at 554 (citing *Marco St. Croix, Inc. v. V.I. Hous. Auth.,* 62 V.I. 586, 590 (V.I. 2015).

Madeline A. Bassil v. John Klein
Case No. ST-2021-CV-00148
Motion for Preliminary Injunction
Memorandum Opinion and Order
Page 5 of 13

## 1. Reasonable Probability of Success on the Merits

¶8    In order for a moving party to show a reasonable probability of success on the merits, the party only needs to show "a reasonable chance, or probability, of winning."[27] The moving party does not need to show that it will actually prevail on the merits at trial, or that its success is "more likely than not."[28] It is appropriate and necessary for the Court to make findings of fact in deciding a preliminary injunction and evaluating this factor, but a jury will ultimately determine the factual issues presented in the case.[29] The moving party's chance of succeeding on the merits is evaluated in combination with the moving party's claim of injury.[30] In some cases, where the risk of irreparable harm to the moving party is substantial, the showing of a likelihood of success on the merits may be weaker.[31] However, if the likelihood of success on the merits is very strong, a showing of irreparably harm is less decisive.[32]

¶9    In *Yusuf v. Hamed*, the Supreme Court of the Virgin Islands found that the Superior Court did not err in holding that the party moving for a preliminary injunction had established a reasonable probability of success on the merits.[33] The moving party put forth a partnership claim, and the Superior Court correctly found that there was evidence showing the formation of an at-will partnership.[34] Although the opposing party argued that the evidence only established "competing inferences regarding the existence of a partnership agreement that must be resolved by a jury," the Superior Court did not err in finding that the moving party had a reasonable chance of succeeding on the merits because their findings of fact did not bind the jury in determining the merits.[35]

## 2. Irreparable Harm

¶10    In the context of a preliminary injunction, Virgin Islands courts define irreparable injury or harm as harm that is "certain and imminent for which a monetary award does not adequately compensate."[36] The Supreme Court of the Virgin Islands has confirmed that irreparable harm is the primary factor a moving party must demonstrate in order to succeed on a motion for a

---

[27] *See Yusuf*, 59 V.I. at 849 (citing *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011).
[28] *See id.*
[29] *See id.* at 853.
[30] *See 3RC & Co.*, 63 V.I. at 555 (quoting *Commonwealth v. County of Suffolk*, 418 N.E.2d 1234, 1235 (Mass. 1981)).
[31] *See id.*
[32] *See id.* at 556 (citing *District of Columbia v. Greene*, 806 A.2d 216, 223 (D.C. 2002)).
[33] *See Yusuf*, 59 V.I. at 853.
[34] *See id.* at 848 (finding evidence of equal sharing of profits and losses, joint management, and joint contributions to operating expenses).
[35] *See id.* at 853.
[36] *See id.* at 854 (quoting *Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 114 (2d Cir. 2003)); *see also 3RC & Co.*, 63 V.I. at 554 (emphasizing that a party seeking injunctive relief needs to demonstrate a harm "without an adequate legal remedy").

preliminary injunction.[37] However, irreparable harm alone is not enough, and the moving party also needs to demonstrate some likelihood of success on the merits.[38] A moving party will successfully demonstrate irreparable harm if it can show that "monetary damages are either 'difficult to ascertain or are inadequate.'"[39] A moving party will fail to demonstrate irreparable harm if the evidence provides that the plaintiff's loss can be determined by a simple mathematic calculation.[40]

¶11     In cases where parties have sought preliminary injunctions for businesses, the Supreme Court of the Virgin Islands has determined that the right to control a business has "intrinsic value that cannot be compensated by money damages," even though the loss of or interference with a party's business implicates money damages.[41] Similarly, in preliminary injunction cases involving real property, Virgin Islands courts have acknowledged the "intangible benefits associated with property ownership" and that monetary compensation is inadequate to remedy the harm of past property deprivation.[42] Courts in these cases have also recognized that the possible loss or destruction of real property usually constitutes irreparable harm since property is always unique under general principles of law and equity.[43] However, the Supreme Court of the Virgin Islands does not recognize a rule that presumes irreparable injury when a party is denied its use of a property right.[44] If a party is moving for a preliminary injunction based on the loss or deprivation of a real property right, the party must demonstrate sufficient evidence of irreparable harm that the Court can evaluate using the *Petrus* factors.[45]

### 3.  Harm to the Nonmoving Party

¶12     While weighing the preliminary injunction factors, the Court must determine whether the nonmoving party will be irreparably harmed by the injunction.[46] Even if the moving party successfully demonstrates a substantial risk of irreparable harm if no injunction is granted, this

---

[37] *See 3RC & Co.* at 554.

[38] *See id.* (citing *Marco St. Croix, Inc. v. V.I. Hous. Auth.*, 62 V.I. 586, 590 (V.I. 2015)).

[39] *See Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 68 V.I. 584, 597 (V.I. 2018) (citing *Yusuf,* 59 V.I. at 854).

[40] *See id.*

[41] *See Yusuf,* 59 V.I. at 854; *see also Sam's Food Distributors, Inc. v. NNA&O, LLC*, 73 V.I. 453, 468 (V.I. 2020).

[42] *See Hansen v. Gov't of the Virgin Islands*, 53 V.I. 58, 91 (Terr. Ct. 1999) (finding that the defendants opposing a preliminary injunction do not address the intangible benefits associated with property ownership such as "the increased sense of pride, well-being and security attendant to the right to choose when and how to use, maintain and cherish one's property or to prohibit its unauthorized use").

[43] *See Gladfelter v. Fairleigh Dickinson Univ.*, 25 V.I. 91, 99 (Terr. Ct. 1990) (recognizing that other authorities have indicated that a preliminary injunction is appropriate where property is involved).

[44] *See SBRMCOA, LLC, v. Morehouse Real Estate Invs., LLC*, 62 V.I. 168, 201 (V.I. Super. Ct. 2015)

[45] *See id.* at 202 (determining that plaintiffs failed to present evidence that relocating a guard shack that blocked access to their property will cause imminent and irreparable harm because plaintiffs still have an entry and exit point to reach their properties).

[46] *See Yusuf,* 59 V.I. at 856 (noting that the Superior Court was required to examine "whether and to what extent the nonmoving parties will suffer irreparable harm if the preliminary injunction is issued").

"'must be balanced against any similar risk to the other party in the light of the chance of each party to succeed on the merits.'"[47] If the moving party makes a strong showing on the merits and a weaker showing of irreparable harm, injunctive relief may still be appropriate if the nonmoving party's likelihood of suffering irreparable harm when the injunction is granted is similarly low.[48] In balancing the likelihood of harm to each party, the Court should aim to maintain the status quo, which is defined as "'the last, peaceable, noncontested status of the parties.'"[49] Defendants opposing a preliminary injunction will not suffer irreparable harm if granting the injunction simply maintains the status quo.[50]

### 4. Public Interest

¶13    In considering the public interest when evaluating a motion for a preliminary injunction, courts "should seek to prevent the parties from halting 'specific acts presumptively benefitting the public...until the merits [can] be reached and a determination made as to what justice require[s].'"[51] Courts of equity should exercise their sound discretion and "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."[52] This factor will typically favor the moving party if the party "demonstrates both a likelihood of success on the merits and irreparable injury."[53] If a moving party fails to make a showing on these two factors, a court need not make a finding on the public interest factor.[54]

## III. ANALYSIS

### A. The Court will grant Bassil's motion for a preliminary injunction because she has showed a reasonable likelihood of succeeding on the merits of her trespass claim and that she will suffer irreparable harm if an injunction is not granted.

¶14    In evaluating Bassil's motion for a preliminary injunction, the Court considered the pleadings, evidence, and arguments presented by both parties and applied them to the *Petrus*

---

[47] *See 3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 555 (V.I. 2015) (quoting *Commonwealth v. County of Suffolk*, 418 N.E.2d 1234, 1235 (Mass. 1981)).

[48] *See id. at* 556 (citing *Yusuf*, 59, V.I. at 854).

[49] *See Yusuf*, 59 V.I. at 856-57 (finding that a preliminary injunction maintained the status quo by assuring that the parties retained equal control over their business pending trial).

[50] *See SBRMCOA, LLC, v. Morehouse Real Estate Invs., LLC*, 62 V.I. 168, 202 (V.I. Super. Ct. 2015).

[51] *Yusuf*, 59 V.I. at 858 (quoting *Cont'l Grp., Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 358 (3d. Cir. 1980)).

[52] *See id.; see also Virgin Islands Taxi Association v. West Indian Co., Ltd.*, 65 V.I. 155, 177 (V.I. Super. Ct. 2016) (denying an injunction as against the public interest when it would prevent a company from stimulating the tourism economy in the Virgin Islands).

[53] *See 3RC & Co., v. Boynes Trucking Sys.*, 63 V.I. 544, 558 (V.I. 2015) (citing *Yusuf*, 59 V.I. at 858 n.11).

[54] *See id.* at 560 (confirming that the Superior Court did not err in omitting a finding on the public interest factor when denying a motion for a preliminary injunction because the moving party failed to make any showing on the likelihood of success on the merits and irreparable harm).

factors outlined by the Supreme Court of the Virgin Islands in *Yusuf v. Hamed.*[55] Using the Supreme Court's requisite "sliding-scale" test, this Court considered evidence regarding all four factors and weighed each one against each other. As proscribed by the Supreme Court, this Court gave greater weight to the factors of likelihood of success on the merits and irreparable injury.[56] Balancing the four factors, this Court finds that Bassil demonstrated a reasonable probability of success on the merits of her trespass claim, that she will suffer irreparable harm if the injunction is not granted, that Klein will not suffer greater harm if the injunction is granted, and that an injunction is in the public's interest. While the Court made findings of fact in determining the reasonable probability of success on the merits, this Court did not consolidate the preliminary injunction hearing with a trial on the merits as is allowed at the Court's discretion per Rule 65 of the Virgin Islands Rules of Civil Procedure.[57] The merits of Bassil's trespass claim and Klein's adverse possession claim have not been adjudicated at this time.

### 1. Bassil demonstrated a reasonable probability of success on the merits of her trespass claim.

¶15    In order to demonstrate a reasonable probability of success on the merits, a moving party does not need to show that they will actually succeed on the merits of their claim at trial. A moving party only needs to show a reasonable chance, or a probability, of winning.[58] Here, Bassil has demonstrated a reasonable probability of succeeding on her trespass claim at trial. The Court is not persuaded that Klein's defense of adverse possession overcomes Bassil's trespass claim to the extent that she may not have a reasonable chance of succeeding at trial. These findings, however, are not binding on a jury, and these claims may be fully adjudicated at a trial on the merits.

### i.    Trespass

¶16    The Virgin Islands Code outlines civil actions for nuisance, waste, and trespass only in reference to injury to trees, timber, or shrubs.[59] Trespass of this nature allows for treble the amount of damages allowed, unless the trespass was "casual or involuntary."[60] Although not expressly defined in the Virgin Islands code, courts in the Virgin Islands recognize civil trespass and have acknowledged that "all jurisdictions recognize a cause of action against one who

---

[55] *See Yusuf,* 59 V.I. at 847 (citing *Petrus v. Queen Charlotte Hotel Corp.,* 56 V.I. 548, 554 (V.I. 2012) (quoting *Illes v. de Jongh,* 638 F.3d 169, 172 (3d Cir. 2011) (providing the four factors as whether the movant has shown: (1) a reasonable probability of success on the merits; (2) irreparable harm; (3) that the nonmoving party will not suffer even greater harm; and (4) granting the injunction is in the public interest).

[56] *See 3RC & Co,* 63 V.I. at 554 (determining that a moving party must primarily demonstrate that irreparable harm is likely without the injunction but that there must also be a plausible claim on the merits).

[57] *See* V.I. R. CIV. P. 65(a)(2).

[58] *See Yusuf,* 59 V.I. at 850 (citing *Singer Mgmt. Consultants, Inc. v. Milgram,* 650 F.3d 223, 229 (3d Cir. 2011).

[59] *See* 28 V.I.C. § 336 (allowing for a plaintiff to receive damages if someone cuts down, girdles, or otherwise injures or carries off any tree, timber, or shrub from the plaintiff's land).

[60] *See id.*

intentionally enters onto the property of another, intentionally places something on the property of another without permission, or intentionally removes something from the property of another without permission."[61] In *Anduze v. Leader*, the Superior Court of the Virgin Islands performed a *Banks* analysis to determine the soundest rule for trespass for the Virgin Islands:

> A defendant will be liable to a plaintiff for trespass if the defendant: (1) intentionally enters onto the plaintiff's property without the plaintiff's permission; (2) remains on plaintiff's property without plaintiff's permission despite being obligated to leave; (3) places something on the plaintiff's property without the plaintiff's permission; or (4) removes something from the plaintiff's property without the plaintiff's permission.[62]

¶17 In *Alleyne v. Diageo USVI, Inc.*, the Superior Court recognized intentional trespass and negligent trespass as separate torts.[63] The Court adopted the definition of intentional trespass from the Restatement (Second) of Torts:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so or, (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.[64]

¶18 In this case, Bassil has demonstrated a reasonable probability of success on her claim of trespass. Bassil alleges that Klein has intentionally trespassed on her property by entering her property without her permission and by cutting down and injuring trees, brush, and shrubbery. By cutting the brush to create a trail, Bassil asserts trespass that entitles her to treble damages pursuant to § 336 of title 28 of the Virgin Islands Code. Evidence presented by both parties supports Bassil's claim of trespass. Bassil testified that she has never allowed Klein to enter her property or cut trails through her brush. Email correspondence between Bassil and Klein from 2008 show that she did not permit him to enter her property or place anything on her property at that time. She provided photographs and surveys from 2021 showing the paths Klein created without her permission. By his own admission, Klein has never sought permission from Bassil to enter her property or cut brush on her property to create a trail. Klein also testified to allowing and encouraging others to use the trails on Bassil's property, including his personal friends and his AirBnB guests. Klein maintains that he has not trespassed on Bassil's property because the

---

[61] *See Anduze v. Leader*, 63 V.I. 347, 353 (V.I. Super. Ct. 2015).

[62] *See id.* at 353-354 (adopting a rule for intentional trespass similar to the trespass rule from the Restatement of Torts but highlighting that the removal of an object from the property of another may also constitute a trespass).

[63] *See Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 417 (V.I. Super. Ct. 2015) (determining that the best rule for the Virgin Islands is to recognize intentional trespass and negligent trespass as separate torts due to concerns about foreclosing access to justice).

[64] *See id.* at 410; *see also* RESTATEMENT (SECOND) OF TORTS § 158.

property is his by adverse possession.[65] However, as in *Yusuf v. Hamed*, Klein's claim merely creates a "competing inference" that can only be determined by a jury at a trial on the merits which has yet to be done. The Court does not find Klein's adverse possession claim to be so strong that Bassil has no chance of succeeding on the merits of her trespass claim. Bassil has provided evidence that she could reasonably succeed on a trespass claim, and she therefore has satisfied this preliminary injunction factor.

### 2. Bassil demonstrated that she will suffer irreparable harm if an injunction is not granted.

¶19    The primary factor that a moving party needs to show in order to successfully maintain a preliminary injunction is irreparable harm. This factor must also be shown in conjunction with a reasonable probability of success on the merits.[66] Irreparable harm must be imminent, and a claim that can be easily calculated or remedied by money damages is not sufficient.[67] The damage or loss of a property right is not automatically presumed to constitute irreparable harm in the Virgin Islands, but similarly to operating a business, real property ownership includes "intangible benefits" for which a monetary damage award is not always adequate.

¶20    In this case, Bassil is asserting damage to her property and loss of use and enjoyment of her property resulting from Klein's alleged trespass. This harm is not only imminent but is currently and continually happening. Evidence of photographs and land surveys demonstrate trails cut into Bassil's property against her wishes, and video surveillance on Bassil's property shows numerous people on her property using these trails without her permission. While trespass is a harm that can be remedied by a monetary award, calculating the exact harm in money damages would be difficult to ascertain. Klein testified that not only has he been using the trails on Bassil's property, but he has allowed and encouraged others to do so as well. Of particular note is that he advertises the use of a "private path to the beach" to his AirBnB guests. Calculating a damages award from each of these trespassing guests would be quite difficult, as it is unclear how many guests may have used or continue to use this path. Klein also testified that he does not currently include Bassil in any liability waivers signed by his AirBnB guests, nor does he have insurance on the portion of Bassil's land that his guests traverse to access the beach.[68] This exposes Bassil to liability from every potential personal guest and AirBnB guest of Klein if they were to be injured while using the path on her property. Additionally, due to the present dispute caused by Klein's entrance onto her property and Klein's claim of adverse possession, Bassil does not currently have clear title to her property to be able to list it or sell it on the MLS market. Correcting this

---

[65] *See* 28 V.I.C § 11 (defining adverse possession in the Virgin Islands as the "uninterrupted, exclusive, actual, physical adverse, continuous, notorious possession of real property under claim or color of title for 15 years or more shall be conclusively presumed to give title thereto, except as against the government").

[66] *See 3RC & Co., v. Boynes Trucking Sys.*, 63 V.I. 544, 554 (V.I. 2015).

[67] *See Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 68 V.I. 584, 597 (V.I. 2018) (citing *Yusuf*, 59 V.I. at 854).

[68] Klein Test. July 27, 2021.

harm will require a potentially lengthy litigation process, which will involve time and effort that may not be adequately resolved with a monetary award.

¶21    While the Court is not convinced by Bassil's argument that real property has the same intrinsic value has operating a business, the Court acknowledges that real property ownership has similar intangible benefits to operating a business, and other Virgin Islands courts have recognized that the past deprivation of a right to real property can constitute an irreparable harm. Under general principles of law and equity, every piece of real property is unique, and property ownership provides intangible benefits that cannot easily be remedied with monetary damages.[69] Here, both Bassil and Klein have demonstrated that Bassil's parcel is particularly unique. As evidenced by photographs and the testimony of real estate agents, Bassil's property is one of the last undeveloped beach front properties near Secret Harbor beach. More importantly, the parcel is hers to choose how to maintain and use and to prohibit its unauthorized use, despite Klein's characterization of Bassil as a non-resident, absentee property owner. Klein's interference with Bassil's property infringes on these intangible benefits of property ownership that belong to Bassil. Between the continuing damage to Bassil's property, the potential liability Bassil is exposed to by Klein's activities on her property, and the past deprivation of her rights to use and maintain her unique parcel as she sees fit, Bassil has successfully demonstrated a risk of irreparable harm for which a monetary award would be inadequate and that would warrant a preliminary injunction.

### 3. Bassil demonstrated that Klein will not suffer greater harm if an injunction is granted.

¶22    While Bassil has demonstrated a likelihood of succeeding on the merits of her trespass claim and that she will suffer irreparable harm without a preliminary injunction, the Court must also consider the potential for irreparable harm to Klein if an injunction is granted. In balancing the potential harm to each party, the Court aims to maintain the status quo, or "the last, peaceable, noncontested status of the parties."[70]

¶23    Here, it is clear that Klein will not suffer an irreparable harm if an injunction is granted. The harm that Klein asserts is the loss of private beach access. Even though Klein testified to needing to regularly swim in saltwater for lung therapy, the Court is not persuaded that he is entitled to private beach access through someone else's property in order to access the beach for this purpose. An injunction would not deprive him of access to and from his property, and he can still access the beach like the rest of the public beachgoers. Additionally, the Court is not persuaded by Klein's arguments that there should be a heightened standard or heavier burden for Bassil on this factor because she is looking to alter the status quo. The status quo is defined by the

---

[69] *See Hansen v. Gov't of the Virgin Islands*, 53 V.I. 58, 91 (Terr. Ct. 1999) (acknowledging that an intangible benefit of property ownership includes "the right to choose when and how to use, maintain and cherish one's property or to prohibit its unauthorized use").

[70] *See Yusuf v. Hamed*, 59 V.I. 841, 856 (V.I. 2013).

Virgin Islands Supreme Court as "the last, peaceable, noncontested status of the parties" which in this case would be in 2015 when Klein attempted to purchase Bassil's parcel, and she declined. At this time, Klein acknowledged that the parcel belongs to Bassil, and she did not give him permission to purchase, use, or access her property. These circumstances are the status quo, not Klein's use of the trails on Bassil's property to access the beach for his own private use. Since Klein will not suffer greater harm by an injunction, this factor weighs in favor of granting an injunction.

### 4. Bassil demonstrated that an injunction is in the public's interest.

¶24    In considering the public's interest, courts evaluating motions for a preliminary injunction should carefully regard consequences of an injunction on the public and should aim not to halt any activities that benefit the public.[71] When a moving party successfully demonstrates irreparable harm and a reasonable probability of success on the merits, the public interest consideration typically weighs in the moving party's favor.[72] If a moving party fails to make a showing on these two factors, however, a court need not analyze the public interest factor.[73]

¶25    Here, having demonstrated a reasonable probability of success on the merits of her trespass claim and irreparable harm without an injunction, this factor weighs in Bassil's favor. Additionally, granting an injunction in this case will have little to no consequence on the public. No public activities will be halted by this injunction, and members of the public will not be impacted by an injunction that prevents one resident from accessing the beach through his neighbor's private property. Although the legislature allows for Virgin Islands citizens to assert a claim to property through adverse possession, as Klein points out, the Court does not find that it is in the public's interest to encourage neighbors to encroach on each other's property for this purpose. This will lead to disputes and litigation that will take up the Court's time and resources at the expense of the taxpaying public. The Court agrees with Bassil that the public's interest is better served by discouraging trespass between neighbors. Due to the lack of consequences this injunction would have on the public, and the Court's interest in discouraging trespass and disputes between neighbors, the public's interest favors granting an injunction.

## IV. CONCLUSION

¶26    Based on the foregoing analysis, the Court concludes that Bassil has successfully demonstrated each of the four *Petrus* factors entitling her to a preliminary injunction. A preliminary injunction is a drastic remedy that this Court does not consider lightly. As the moving party, Bassil had the burden of presenting evidence on each factor, and she had to primarily show that she would be irreparably harmed without an injunction and that she had a reasonable probability of succeeding on the merits of her claims. Using a sliding scale method, the Court

---

[71] *See id.* at 558.
[72] *See 3RC & Co.*, 63 V.I. at 558.
[73] *See id.* at 560.

weighed these factors along with the potential harm to Klein that would be caused by an injunction and the public's interest in granting the injunction.

¶27     The Court finds that the evidence presented by Bassil at an evidentiary hearing on July 27-28, 2021, shows that she has a reasonable probability of succeeding on her claim of trespass. Klein's defense of adverse possession was not clear or convincing enough to prevent Bassil's trespass claim from proceeding to a trial on the merits. As to irreparable harm, the harm is imminent because the damage to Bassil's property has already occurred from Klein's cutting of trails on her property, and he continues to use and encourage others to use the trails on her property. The unknown number of trespassers on her property makes a damages award difficult to ascertain and exposes her to vast potential liability. Additionally, Klein's encroachment on Bassil's property interferes with her rights to use and maintain her property as she sees fit. The evidence presented does not suggest that Klein would suffer even greater harm if an injunction were granted because issuing an injunction would maintain the status quo regarding Bassil's property ownership, and the only harm Klein would suffer would be losing private beach access to which he is not entitled. Finally, the public will not be impacted by this injunction, and the public's interest is served by discouraging trespass between neighbors. Having considered the parties evidence and arguments and applying them to the *Petrus* factors, this Court finds in favor of a preliminary injunction.

¶28     Accordingly, it is hereby

         **ORDERED** that Plaintiff's Motion for a Preliminary Injunction, filed May 7, 2021, is **GRANTED**; and it is further

         **ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: August 16, 2021

_____
**HON. SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

By:_____
**Donna B. Donovan**
Court Clerk Supervisor   8 / 18 / 2021